UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDY V. LE, and LIEN THI NGUYEN, | Case No.: 13-CV-01344-LHK |
| Plaintiffs, | |
| v. | ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER |
| 1st NATIONAL LENDING SERVICES (in its capacity as originating lender and purported mortgage servicer), et al., | |
| Defendants. | |

Plaintiffs Andy V. Le and Lien Thi Nguyen ("Plaintiffs") have filed an application for a temporary restraining order enjoining unlawful detainer proceedings in Santa Clara County Superior Court, Case No. 113CV245896 ("the Superior Court Action"). Plaintiffs' application also requests that the Court issue an order to show cause why the proceedings should not be preliminarily enjoined. The Court DENIES Plaintiffs' application, for the reasons discussed below.

**I.   BACKGROUND**

1

Case No.: 13-CV-02543-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

On June 6, 2013, Plaintiffs filed the following documents: a complaint in the instant action asserting ten causes of action, including a variety of state law causes of action and a violation of 15 U.S.C. 1614(g) (the Truth in Lending Act); a document entitled "Ex Parte Application for Temporary Restraining Order and for Order to Show Cause Why Defendants Should Not Be Preliminarily Enjoined from Proceeding with Unlawful Detainer in State Court" ("Application"); a supporting declaration of Andy V. Le; and a proposed Order ("Proposed Order"). The documents name the following defendants: "1st National Ending Services (in its capacity as originating lender and purported mortgage servicer), U.S. Bancorp d/b/a/ U.S. Bank, National Association, as Trustee for Lehman XS 2007-4N, aka LXS 2007-4N; Structured Asset Securities Corporation; Aurora Loan Services LLC; and its successors and assigns; IndyMac Mortgage Serives [sic], a division of One West Bank, FSB as purported "Servicer"; Lehman Brothers Holdings Inc., or any "successor in interest thereto"; Greenhead Investments, Inc.; Meridian Foreclosure Service; Dianne K. Burnett, personally, and in her capacity as President of Meridian Foreclosure Service; Maggie Salac, personally, and in her capacity as Vice President of Meridian Foreclosure Service; Skyway Investments LLC; and Principal Capital LLC," (collectively, "Defendants").

The Application alleges that Plaintiffs lost title to their home through a wrongful foreclosure, and that Plaintiffs are facing imminent eviction. The Application requests that the Court enjoin all Defendants[1] from proceeding in the unlawful detainer action against Plaintiffs that is currently pending before the Superior Court.

The Application further alleges as follows:

> Unlawful detainer cases are summary proceedings, and Plaintiffs' answer is due tomorrow, upon order of the Superior Court denying Plaintiffs Motions to Dismiss, and to Continue (styled as "REQUEST FOR HEARING TO BE MOVED TO NEXT AVAILABLE DATE AFTER JUNE 30, 2013"). Plaintiffs will be homeless by the time Plaintiffs' complaint will be heard.

The Application lists the contact information for the counsel of record for the "sole Defendants whose counsel has been identified." However, Plaintiffs have not represented that any

---

[1] The Proposed Order seeks to enjoin only Defendants Skyway Investments, LLC and Principal Capital, LLC, rather than all Defendants. However, this distinction is moot, as the Court DENIES the Application as against any party.

2

Case No.: 13-CV-02543-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

attempt has been made to serve or notify any Defendants, or offered any explanation for the lack of service.

## II. LEGAL STANDARDS

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.,* 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal.1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente,* 584 F.3d 1196, 1201 (9th Cir. 2009). The issuance of a preliminary injunction is at the discretion of the district court. *Indep. Living Ctr. v. Maxwell–Jolly,* 572 F.3d 644, 651 (9th Cir. 2009).

Federal Rule of Civil Procedure 65(b)(1) states that a court may issue a temporary restraining order without notice to the opposing party only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, Civil Local Rule 65–1(b) states that, unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

## III. DISCUSSION

### A. Relief Barred by Anti-Injunction Act

The only relief requested in Plaintiff's Application is an injunction of the Superior Court Action. However, numerous district courts have found that the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court. *See Farah v. Wells Fargo Home Mortgage*, 13-CV-1127 PSG,

3

2013 WL 1397405 (N.D. Cal. Apr. 5, 2013); *Michener v. Wells Fargo Home Mortgage*, C 12-2003 PJH, 2012 WL 3027538 (N.D. Cal. July 24, 2012); *Fajardo v. Ross*, 1:12-CV-00217-AWI, 2012 WL 2589244 (E.D. Cal. July 3, 2012); *Carrasco v. HSBC Bank USA, N.A.,* 2012 WL 646251 at *3–4 (N.D. Cal. Feb.28, 2012); *Scherbenske v. Wachovia Mortgage, FSB,* 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009).

The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (analyzing the three exceptions enumerated in 28 U.S.C. § 2283). These three exceptions are to be construed narrowly. *See Lou v. Belzberg*, 834 F.2d 730, 739 *Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1315 (9th Cir. 2010) ("[D]oubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court action to proceed.") (internal quotations omitted).

Of the three exceptions to the Anti-Injunction Act, two are plainly inapplicable in this case. First, an exception is recognized when expressly authorized by Act of Congress. 28 U.S.C. § 2283. However, "there is no federal statute authorizing a district court to enjoin a state unlawful detainer action." *See Carrasco*, 2012 WL 646251 at *3 (citations omitted). Additionally, an exception is recognized "to protect or effectuate the court's judgment." 28 U.S.C. § 2283. However, the Court has yet to reach any judgment in this case.

The remaining exception applies when an injunction is "necessary in aid of a court's jurisdiction." 28 U.S.C. § 2283. This "necessary-in-aid-of-jurisdiction" exception is generally applied to in rem proceedings where subsequent state court proceedings might interfere with previously filed federal court jurisdiction over a *res*, in cases of advanced federal *in personam litigation*, or where a case is removed from state court. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008) (citing *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 641-42 (1977); *Fajardo*, 2012 WL 2589244 at *3. By contrast, courts have repeatedly found that this exception does not apply to stay unlawful detainer actions, especially previously filed state court actions. *See Michener v. Wells Fargo Home Mortgage*, C 12-2003 PJH, 2012 WL 3027538 *4 (N.D. Cal. July 24, 2012) ("A party to an action in state court litigating possession of real

4
Case No.: 13-CV-02543-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

property or the right to tenancy does not implicate this exception simply by filing, as here, an action purporting to litigate title to said property in federal court.") (citation omitted); *Scherbenske*, 626 F. Supp. 2d at 1059 (citing *Vendo Co.*, 433 U.S. at 641 (1977)). The Court finds that this exception is inapplicable in the instant case, in which Plaintiff seeks to enjoin a previously filed state court unlawful detainer action.

Absent an applicable exception, the Court finds that the Anti-Injunction Act bars Plaintiff's requested relief, and Plaintiff's Application is DENIED.

### B. Compliance with Rules Regarding Ex Partes

Because the Court lacks authority to grant the requested relief, the Court does not reach the merits of Plaintiff's Application or the underlying Complaint. Even without analyzing Plaintiffs' substantive claims, however, the Court questions the propriety of proceeding in this federal forum, noting that federal courts have declined to proceed to the merits of a case to the extent it overlaps with a previously filed state court unlawful detainer action. *See, e.g.*, *Scherbenske,* 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009) (finding that a state court unlawful detainer action is a *quasi in rem* action, requiring a federal District Court to defer to the state court's jurisdiction over the property pursuant to the abstention doctrine announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)).[2]

Moreover, the Court notes that Plaintiffs have failed to comply with the procedural requirements for filing a temporary restraining order, which mandate that Plaintiff either give notice to opposing counsel or party, or certify in writing efforts made to give notice and the reasons

---

[2] In addition, the "prior exclusive jurisdiction" doctrine bars a court from assuming jurisdiction over a *res* that is the subject of a previously filed *in rem* or *quasi in rem* action in state court. *See Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011). In *Chapman*, the Ninth Circuit certified to the Nevada Supreme Court the question of whether quiet title and unlawful detainer proceedings under Nevada law are *in rem* or *quasi in rem*, such that a previously filed state unlawful detainer proceeding would bar a subsequently filed federal quiet title action. The Nevada Supreme Court recently answered in the affirmative, holding that under Nevada law, both quiet title and unlawful detainer proceedings are either *in rem or quasi in rem. See Chapman v. Deutsche Bank Nat. Trust Co.*, 58664, 2013 WL 2364178 (Nev. May 30, 2013) (citing *Scherbenske,* 626 F.Supp.2d at1059 (E.D. Cal. 2009) for the proposition that unlawful detainer actions are *quasi in rem*). Following the same reasoning, to the extent the instant action is an *in rem* or *quasi in rem* proceeding, this Court is likely barred from asserting jurisdiction.

5
Case No.: 13-CV-02543-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

why it should not be required. *See* Fed. R. Civ. P. 65(b)(1); Civ. Local Rule 65–1(b). Plaintiffs are cautioned to consult both the Federal Rules of Civil Procedure and the Civil Local Rules prior to any further filings with the Court. The Court refers Plaintiffs to the Federal Legal Assistance Self-Help Center ("FLASH") at the San Jose Courthouse for assistance. The telephone number for FLASH is (408) 297-1480.

### IV.  CONCLUSION

The Court has found that it lacks authority to grant the requested relief, and that Plaintiffs have not complied with the procedural requirements governing temporary restraining orders. Thus, the Court DENIES Plaintiff's requests for a temporary restraining order and an order to show cause.

**IT IS SO ORDERED.**

Dated: June 7, 2013

_____
LUCY H. KOH
United States District Judge