UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDY V. LE, and NIEN THI NGUYEN,<br><br>   Plaintiffs,<br><br>   v.<br><br>1ST NATIONAL LENDING SERVICES, et. al.,<br><br>   Defendants. | Case No.: 13-CV-02543-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

Plaintiffs Andy V. Le and Lien Thi Nguyen (collectively, "Plaintiffs") bring this Complaint against Defendants (1) 1st National Lending Services; (2) U.S. Bank National Association ("U.S. Bank"); (3) Structured Asset Securities Corporation ("SASCO"); (4) Aurora Loan Services LLC ("Aurora"); (5) OneWest Bank, FSB ("OneWest") and Indymac Mortagage Services (a division of OneWest); (6) Lehman Brothers Holdings Inc. ("LBHI"); (7) Meridian Foreclosure Service ("Meridian"); (8) Dianne K. Burnett, President of Meridian ("Burnett"); (9) Maggie Salac, Vice President of Meridian ("Salac"); (10) Skyway Investments LLC ("Skyway"); and (11) Principal Capital, LLC ("Principal") (collectively, "Defendants"). *See* ECF No. 1 at 1. Plaintiffs allege violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and various California state laws in connection with the foreclosure on Plaintiffs' former residence. *See id.* at 5, ¶ 1.

On June 18, 2013, Defendants Skyway and Principal filed a Motion to Dismiss and Request for Judicial Notice of certain documents retrieved from the Santa Clara County Recorder's Office. *See* ECF No. 19. Defendants Meridian, Burnett, and Salac filed a separate Motion to Dismiss, *see* ECF No. 35, and a Request for Judicial Notice on July 17, 2013, *see* ECF No. 37. Also on July 17, 2013, Defendants U.S. Bank and OneWest filed another separate Motion to Dismiss. *See* ECF No. 33. On August 5, 2013, Defendants Aurora, LBHI, and SASCO joined U.S. Bank and OneWest's Motion to Dismiss Plaintiffs' first and sixth causes of action and Meridian's Motion to Dismiss Plaintiffs' first cause of action. *See* ECF No. 40. Plaintiffs did not file an opposition or otherwise respond to the three Motions to Dismiss. On August 7, 2013, U.S. Bank and OneWest filed a Reply and Notice of Non-Receipt of Opposition. *See* ECF No. 41.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearings scheduled for November 21, 2013, at 1:30 p.m., and January 9, 2014, at 1:30 p.m. The Court further CONTINUES the Case Management scheduled for November 21, 2013, at 1:30 p.m. to February 26, 2014, at 2 p.m. Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Defendants' Motions to Dismiss with leave to amend.

## I. BACKGROUND

On May 23, 2006, Plaintiffs obtained a mortgage loan for $623,200 from 1st National Lending Services to purchase real property located at 2937 Silverado Court, San Jose, California 95135, Assessor's Parcel Number 659-34-078 ("the Property"). *See* ECF No. 1 ¶¶ 23, 40; *see also* ECF No. 37, Ex. A at 2-3. Sometime thereafter, "Mr. Le's company's business started to suffer cutbacks," and Plaintiffs fell behind on their mortgage payments. *See* ECF No. 1 ¶ 56.

In September 2012, Plaintiffs sought a loan modification from OneWest. *Id.* ("Plaintiffs were willing to tender unconditionally but needed the monthly payments restructured to reflect the downturn in their monthly gross income."). OneWest denied the requested modification in October 2012. *Id.* On December 27, 2012, Meridian, as Trustee, filed a Notice of Default on the Property with the Santa Clara County Recorder citing Plaintiffs' failure to make mortgage payments "WHICH BECAME DUE ON 06/01/2012." *See id.* ¶¶ 39, 40. Defendants Skyway and Principal

2

purchased the home for cash at a trustee's sale on April 18, 2013. *See id.* ¶¶ 39, 44. Finally, it appears that Skyway and Principal initiated an unlawful detainer proceeding on May 5, 2013, in Santa Clara County Superior Court to evict Plaintiffs. *See* ECF No. 19 at 4. At the time they filed the Complaint, Plaintiffs still resided at the Property. *See* ECF No. 1 ¶ 4.

On June 6, 2013, Plaintiffs filed this Complaint and an application for a temporary restraining order to enjoin the unlawful detainer action. *See* ECF Nos. 1, 10. Plaintiffs' Complaint alleges the following causes of action: (1) declaratory relief; (2) negligence; (3) quasi-contract; (4) violation of California's Unfair Competition Law, California Business and Professions Code § 7200, *et seq.*; (5) violation of TILA, 15 U.S.C. § 1641(g); (6) accounting; (7) constructive trust; (8) wrongful foreclosure and to set aside trustee's sale; (9) to void or cancel trustee's deed upon sale; and (10) quiet title. Plaintiffs pray for compensatory, special, and general damages of $5,000,000; punitive and exemplary damages; disgorgement; a court order deeming Plaintiffs' promissory note unsecured; a court order compelling Defendants to remove any cloud(s) upon Plaintiffs' title to the Property; a court order finding Defendants have no legal rights as to the Plaintiffs or the Property; a restraining order against the Defendants and their employees; and fees and costs.

This Court denied the temporary restraining order to enjoin the unlawful detainer action as barred by the Anti-Injunction Act on June 7, 2013. *See* ECF No. 16. As set forth above, Defendants have filed three Motions to Dismiss Plaintiffs' Complaint. *See* ECF Nos. 19, 33, 35, 40. Plaintiffs did not file any opposition to these Motions to Dismiss.

## II.  LEGAL STANDARDS

### A.  Rule 8(a)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). A court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

Finally, when considering the pleadings of a pro se litigant, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, while "'[p]ro se litigants must follow the same rules of procedure that govern other litigants,'" *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)), pro se pleadings should be "liberally construed, particularly where civil rights claims are involved," *Balestreri*, 901 F.2d at 699.

### B. Judicial Notice

When ruling on a motion to dismiss, a district court generally should not look beyond the four corners of a complaint. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v.*

4

*City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, the Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice include orders issued by other courts, *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) ("We take judicial notice of the California Court of Appeal opinion") as well as "records of state agencies and other undisputed matters of public record," *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004).

### C. Leave to Amend

If a court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a district court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Where those conditions are not present, a court generally grants leave to amend.

### III. DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint on several grounds. However, here the Court considers only one cause of action: Plaintiffs' single federal claim for violation of TILA, 15 U.S.C. § 1641(g). For the reasons stated below, the Court concludes that Plaintiffs fail to state a claim for violation of TILA. Having reached this conclusion, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims.

### A. Judicial Notice

Before the Court turns to the merits of the Motions to Dismiss, this Court considers Defendants' requests for judicial notice. Defendants Skyway and Principal request that the Court take judicial notice of a Trustee's Deed Upon Sale recorded with the Santa Clara County Recorder on May 1, 2013. *See* ECF No. 20, Ex. 1. Defendants Meridian, Burnett, and Salac request that the Court take judicial notice of (1) *McGough v. Wells Fargo Bank, N.A.*, No. 12 -0050, 2012 WL 2277931 (N.D. Cal. June 18, 2012) (granting defendants' Motion to Dismiss); (2) a Deed of Trust recorded with the Santa Clara County Recorder on May 31, 2006; (3) a California Assignment of Deed of Trust recorded with the Santa Clara County Recorder on October 25, 2012; (4) a Substitution of Trustee recorded with the Santa Clara County Recorder on December 27, 2012; and (5) a Trustee's Deed Upon Sale recorded with the Santa Clara County Recorder on May 1, 2013. *See* ECF No. 37, Exs. A-E.

The Court takes judicial notice of *McGough* on the basis that this is a public court order. *See Holder*, 305 F.3d at 866. The Court also takes judicial notice of all five Santa Clara County Recorder's Office filings, ECF No. 20, Ex. 1; ECF No. 37, Exs. B-E, on the basis that these are undisputed public records, *see Disabled Rights Action Comm*, 375 F.3d at 866; *accord Ismail v. Wells Fargo Bank, N.A.*, No. 12-1653, 2013 WL 930611, at *3 (E.D. Cal. Mar. 8, 2013) (taking judicial notice of documents filed with county recorder).

### B. Truth in Lending Act Cause of Action

Plaintiffs' only federal cause of action alleges that U.S. Bank, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Doe Defendants violated TILA, 15 U.S.C. § 1641(g), on the basis that U.S. Bank failed to notify Plaintiffs within 30 days of being assigned an interest in Plaintiffs' mortgage loan. *See* ECF No. 1 ¶¶ 106-33. TILA, as amended by the 2009 Prevent Mortgage Foreclosures and Enhance Mortgage Credit Availability Act, Pub. L. 111-22, 123 Stat. 1632 (May 20, 2009), requires that, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . ." 15 U.S.C. § 1641(g)(1).

U.S. Bank moves to dismiss this claim on the bases that the claim is time-barred because the Complaint in the instant case was filed more than one year after the alleged wrongdoing and Plaintiffs have failed to allege any actual damages.[1] *See* ECF No. 33 at 11-12. An individual may bring an action for violation of TILA in district court "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). This one-year statute of limitations "runs from the date of consummation of the transaction." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

Plaintiffs' specific allegation is that 1st National attempted to securitize and transfer interest in Plaintiffs' mortgage to a mortgage securitization trust, Lehman XS Trust, Series 2007-4N, for which U.S. Bank serves as trustee. *See* ECF No. 1 ¶¶ 22-27, 44. This transaction occurred, according to the Complaint, "on or around the time of origination" of the loan in 2006, as part of a securitization agreement that closed on March 30, 2007. *See id*. ¶¶ 22, 25. However, Plaintiffs contend, this securitization agreement violated federal securities regulations and was thereby invalid; thus, U.S. Bank is "merely a third-party stranger to the loan." *Id*. ¶¶ 22-27. Plaintiffs alternatively contend that, to the extent U.S. Bank can assert an interest in the loan, "[U.S. Bank] was . . . assigned Plaintiffs' loan after May 2009." *Id*. ¶ 112. Plaintiffs allege that, in either case, U.S. Bank did not give Plaintiffs' written notice within 30 days of being assigned an interest in Plaintiffs' mortgage, as required by TILA, 15 U.S.C. § 1641(g). *See id*. ¶¶ 118-24. Rather, Plaintiffs argue, they were not notified of this assignment nor could they have reasonably discovered the assignment, until they received the Notice of Default filed with the Santa Clara County Recorder on December 27, 2012. *See id*. ¶ 126.

If the transfer occurred in 2006, the Court finds that Plaintiffs' TILA claim is barred for two reasons. First, TILA's one-year statute of limitations lapsed years before Plaintiffs' filed their Complaint in 2013. *See* ECF No. 1. Second, Plaintiffs could not state a claim under section 1641(g)(1) because that statutory provision, which took effect on May 20, 2009, is not retroactive.

---

[1] Though the Court reads pro se complaints liberally, MERS is not listed in the exhaustive caption to the Complaint nor does MERS appear to have been given notice of this suit. Thus, the Court does not construe MERS as a Defendant in this case. Should Plaintiffs choose to file a First Amended Complaint, they must seek leave to add MERS as a Defendant.

...

N*onyadi v. CitiMortgage, Inc.*, No. 12-5239, 2013 WL 2898143, at *8 (C.D. Cal. June 10, 2013) (quoting *Eng v. Dimon*, No. 11-3173, 2012 WL 2050367, at *1 (N.D. Cal. June 6, 2012)). For these two reasons, the Court finds that, taking the transfer date as "on or about" 2006, Plaintiffs have failed to state a claim upon which relief can be granted. *See Harvick v. Am. Home Mortgage Servicing, Inc.*, No. 12-3077, 2013 WL 3283523, at *3 (E.D. Cal. June 27, 2013) (dismissing a § 1641(g) claim alleging a similar improper securitization on the basis that the one-year limitation period had elapsed); *Bernardi v. Deutsche Bank Nat. Trust Co. Am.*, No. 11-5453, 2013 WL 163285 (N.D. Cal. Jan. 15, 2013) (dismissing a § 1641(g) claim arising out of a transfer that occurred prior to May 2009).

Even if the Court accepts Plaintiffs' assertion that the interest in Plaintiffs' mortgage was transferred to U.S. Bank "after May 2009," *see* ECF No. 1 ¶ 44, Plaintiffs would nonetheless fail to state a claim. The assertion that the transfer occurred at an unspecified time after section 1641(g) took effect is not only unsupported by any facts in Plaintiffs' complaint, but it is contradicted by Plaintiffs' assertion that, in 2006, 1st National attempted to transfer its interest in Plaintiffs' mortgage to U.S. Bank as part of a securitization trust agreement that closed March 30, 2007. *See id*. ¶¶ 17-27. Furthermore, Plaintiff's failure to allege the date of the purported transfer with more specificity than "after May 2009" is fatal. As other courts have held, the date of transfer is an essential element of a section 1641(g) claim and an element that a plaintiff must allege to survive a motion to dismiss. *Bonyadi*, 2013 WL 2898143 at *8. Because Plaintiffs have failed to establish any "more than a sheer possibility" that the mortgage interest was transferred to U.S. Bank in the one year period before the filing of the Complaint on June 6, 2013, the Complaint must be dismissed. *See Iqbal*, 556 U.S. at 678.

Plaintiffs' sole remaining contention is that this Court should equitably toll TILA's one-year limitation period until December 27, 2012, because that was the date on which Plaintiffs received the Notice of Default filed with the Santa Clara County Recorder and accordingly became aware of the assignments that give rise to their TILA cause of action. *See* ECF No. 1 ¶ 125. The doctrine of "[e]quitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where

the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). District courts have discretion to toll the one-year TILA limitation period "until the borrower discover[ed] or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the . . . action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). However, numerous courts in this district and other districts in the Ninth Circuit have held that "the mere existence of TILA violations does not . . . support equitable tolling of TILA's statute of limitations." *Brown v. U.S. Bank Nat'l Ass'n*, No. 12-4587, 2013 WL 4538131, at *2 (N.D. Cal. Aug. 23, 2013). For example, in *Vieira v. Prospect Mortgage, LLC*, the Court considered a similar section 1641(g) claim based on U.S. Bank's failure to notify the Plaintiff that the bank had been assigned the Plaintiff's mortgage. There, the Court found that "equitable tolling d[id] not apply because there was 'nothing preventing [Plaintiff] from comparing the loan contract, [Defendant's] disclosures, and TILA's statutory and regulatory requirements.'" No. 11-1780, 2012 WL 3329652, at *5 (C.D. Cal. Apr. 9, 2012) (quoting *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir.1996) (alterations in original)).

As in *Vieira*, Plaintiffs here do not allege that Defendants engaged in fraud or concealment or prevented Plaintiffs from discovering the reassignment of their mortgage. Thus, the Court finds that the doctrine of equitable tolling is not appropriate in this case. *See Brown*, No. 12-4587, 2013 WL 4538131, at *2; *Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp. 2d 895, 907 (C.D. Cal. 2009). Accordingly, the Court GRANTS Defendant U.S. Bank's Motion to Dismiss Plaintiffs' fifth cause of action, violation of 15 U.S.C. § 1641(g), under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. However, because Plaintiffs are pro se and because the Court cannot say that amendment would be futile or cause undue prejudice, the claim is dismissed with leave to amend for Plaintiffs to cure the Complaint's deficiencies regarding the statute of limitations and/or equitable tolling.

### C. Supplemental Jurisdiction

Plaintiffs' dismissed TILA claim is the sole basis for federal subject matter jurisdiction in this case.[2] A federal court may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Conversely, a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937-38 (9th Cir. 2003) (Section 1367(c) grants federal courts the discretion to dismiss state-law claims when all federal claims have been dismissed). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state[-]law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

The Court finds that the factors of economy, convenience, fairness, and comity militate against an exercise of supplemental jurisdiction. This case is still at the pleading stage, and no discovery has taken place. Judicial resources are therefore not wasted by dismissing the case at this stage. Finally, dismissal promotes comity as it enables California courts to interpret questions of state law in the first instance. For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

---

[2] The Court finds no subject matter jurisdiction under 15 U.S.C. § 1692; 28 U.S.C. §§ 1343, 2201, and 2202; or 42 U.S.C. § 1983, as these are either wholly unrelated to the allegations in Plaintiffs' Complaint or they are not statutes conveying subject matter jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332 is not available because Plaintiffs and Defendants 1st National, Greenhead, and Meridian are citizens of California. *See* ECF No. 1 ¶ 4; ECF No. 20, Ex. B at 2, Ex. E at 1.

Case No.: 13-CV-02543-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss the Complaint with leave to amend. Should Plaintiffs elect to file a First Amended Complaint curing the deficiencies identified herein, they shall do so within 21 days of the date of this Order. Failure to meet the 21-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice. Plaintiffs may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: November 20, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge